# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Norbert A. Kraus, Claire J. Fox-Kraus, William G. Bedard, John Murphy, Janet Murphy, Chris Roering, Aurea Roering, David J. Schumann, Carol J. Schumann, Ted J. Theis, Shannon K. Theis, Txheej Vang, and Dia Vang, | Civil No. 11-3213 (DWF/FLN) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| CitiMortgage, Inc., Mortgage Electronic Registration Systems, Inc., MERSCORP, Inc., and Ussett, Weingarden and Liebo, P.L.L.P., | |
| Defendants. | |

---

William B. Butler, Esq., Butler Liberty Law, LLC., counsel for Plaintiffs.

John L. Krenn, Esq., Kelly W. Hoversten, Esq., Gray Plant Mooty Mooty & Bennett, PA; and Debra Bogo-Ernst, Esq., Lucia Nale, Esq., Maritoni D. Kane, Esq., and Thomas V. Panoff, Esq., Mayer Brown LLP, counsel for Defendants.

Gerald G. Workinger , Jr., Esq., counsel for Usset, Weingarden & Liebo P.L.L.P.

---

## INTRODUCTION

This matter is before the Court on a Joint Motion to Dismiss brought by

Defendants CitiMortgage, Inc. ("CitiMortgage"), Mortgage Electronic Registration

Systems, Inc. ("MERS"), MERSCORP, Inc. ("MERSCORP"), and Usset, Weingarden

and Liebo, P.L.L.P. ("Usset") (Doc. No. 7).  For the reasons set forth below, the Court

grants Defendants' motion.

## BACKGROUND

Plaintiffs are thirteen homeowners and loan borrowers who executed promissory

notes with six different lenders that relate to seven different properties.  (Compl. ¶¶ 1-7.)

According to the Complaint, five of the notes were secured by mortgages executed in

favor of MERS and two notes were secured by mortgages executed in favor of

CitiMortgage.  (*Id*.)

Plaintiffs assert that the mortgages against their respective homes are invalid and

voidable.  (Compl. ¶ 14.)  In particular, Plaintiffs allege that they executed original

promissory notes and/or mortgages in favor of entities different from Defendants who

now claim the legal right to foreclose.  (*Id*. ¶ 15.)  Plaintiffs further allege that Defendants

do not have actual physical possession of the original notes, that Defendants and others

securitized and sold the original notes through a pooling and servicing agreement, and

that Defendants purported to transfer legal title to the original notes to a separate and

distinct legal entity.  (*Id.* ¶¶ 16-30.)  Plaintiffs allege that because Defendants do not have

valid, clear legal title to the original notes, Defendants cannot assert the right of

foreclosure under the mortgages.  (*Id.* ¶ 27.)  Plaintiffs also allege that Usset is a law firm

acting as an agent for purposes of enforcing defaults on Plaintiffs' notes and foreclosing

on their mortgages.  (*Id*. ¶ 12.)  Plaintiffs allege that Usset conducted non-judicial

foreclosures on five of the relevant properties and, in doing so, falsely represented that its

principal was entitled to foreclose and recorded false documents.  (*Id.* ¶¶ 13, 37.)

Plaintiffs originally brought this action in Hennepin County District Court on or around October 11, 2011.  (Doc. No. 1.)  In their Complaint, Plaintiffs assert thirteen causes of action:  Count 1—Quiet Title; Count 2—"Defendants are Not Real Parties In Interest"; Count 3—"Defendants Do Not Have Legal Standing to Foreclose Mortgage"; Count 4—Slander of Title; Count 5—Conversion; Count 6—Unjust Enrichment; Count 7—Civil Conspiracy; Count 8—Breach of Fiduciary Duty; Count 9—Fraud; Count 10— Negligent Misrepresentation; Count 11—Fraud; Count 12—Equitable Estoppel; and Count 13—Accounting.[1]

CitiMortgage removed the action to this Court on October 31, 3011, based on diversity jurisdiction under 28 U.S.C. § 1332(a).  (Doc. No. 1.)  Defendants moved to dismiss all of Plaintiffs' claims.  On January 23, 2012, Plaintiffs filed a Motion to Amend, seeking leave to file an Amended Complaint.  (Doc. No. 19.)  On January 26, 2013, Magistrate Judge Franklin L. Noel denied the motion without prejudice and explained that Plaintiffs' argument in support of the Motion to Amend could be made in response to the present motion to dismiss.  (Doc. No. 22.)  In opposition to Defendants' motion, Plaintiffs argue that both the Complaint and the Proposed Amended Complaint should survive the motion to dismiss.  The original Complaint is the operative complaint at issue here.  The Court considers the pending motion below.

---

[1]     Count Eleven of Plaintiffs' Complaint is a fraud claim against Usset.  This claim appears to be mislabeled as Count Fourteen.  The Court refers to Plaintiffs' fraud claim against Usset as Count Eleven.

# DISCUSSION

## I.     Legal Standard

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

**II.     Rule 8**

Defendants argue that Plaintiffs' Complaint violates Rule 8 of the Federal Rules of
Civil Procedure.  Under Rule 8, a complaint must include "a short and plain statement of
the claim showing that the pleader is entitled to relief."[2]  Fed. R. Civ. P. 8(a)(2).  While
the Rule 8 pleading standard does not require "detailed factual allegations," it does
demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."
*Iqbal*, 129 S. Ct. at 1949.  A complaint will not suffice if it "tenders 'naked assertion[s]'
devoid of 'further factual enhancement.'"  *Id*. (quoting *Twombly*, 550 U.S. at 557).

 Plaintiffs' Complaint asserts thirteen causes of action involving thirteen Plaintiffs,
seven different mortgage loans and properties, and four separate Defendants.  With the
exception of the count asserted against Usset alone (Count Eleven), Plaintiffs do not
otherwise specify which factual claims are asserted against any particular defendant.
Thus, Defendants and the Court are left to guess which Plaintiffs are asserting which
claims against which Defendants and which facts apply to any particular Defendant.
The Court concludes that such pleading is inadequate and that Rule 8 requires greater
specificity than that found in Plaintiffs' Complaint.  *See, e.g.*, *Liggens v. Morris*,
749 F. Supp. 967, 971 (D. Minn. 1990).  Thus, this case is properly dismissed under
Rule 8.  Even so, the Court considers alternative grounds for dismissal below.

---

[2]     Claims for fraud are governed by Rule 9(b) of the Federal Rules of Civil
Procedure.

## II.     Defendants' Joint Motion to Dismiss All Claims

At the heart of all of Plaintiffs' claims is the allegation that "Defendants do not

have valid, clear legal title to the Original Notes" and "Defendants therefore cannot assert

rights to payment on the Original Notes and cannot assert the right of foreclosure under

the Mortgages." (*See, e.g.*, Compl. ¶ 27.)  In essence, Plaintiffs argue that Defendants do

not possess the promissory notes secured by Plaintiffs' respective mortgages and thus

cannot foreclose on those mortgages.  The Minnesota Supreme Court, the Eighth Circuit

Court of Appeals, this Court, and other courts in this district have already considered and

rejected this argument.  *See Jackson v. Mortg. Elec. Registration Sys., Inc.*, 770 N.W.2d

487, 500-01 (2009) (holding that a mortgagee with legal title is not required to have any

interest in the promissory note to foreclose by advertisement); *Stein v. Chase Home*

*Finance, LLC*, 662 F.3d 976, 980 (8th Cir. 2011) ("[T]he right to enforce a mortgage

through foreclosure by advertisement lies with the legal, rather than equitable, holder of

the mortgage."); *Butler v. Bank of Am.*, Civil No. 11-461, 2011 WL 2728321, at *6 (D.

Minn. July 13, 2011); *Welk v. GMAC Mortgage, LLC*, Civil No. 11-2676, 2012 WL

1035433, at *6 (D. Minn. Mar. 29, 2012); *Jerde v. JPMorgan Chase Bank, N.A.*, Civil

No. 11-2666, 2012 WL 206271, at *3 (D. Minn. Jan. 24, 2012); *Murphy v. Aurora Loan*

*Servs., LLC*, Civil No. 11-2750, 2012 WL 104543, at *3 (D. Minn. Jan. 12, 2012).

As previously explained in the above cases, it does not matter whether Defendants

can establish that they hold the promissory notes.  Moreover, Plaintiffs have not alleged

that any Defendant was not the record owner of any mortgage at the time it initiated any

foreclosure by advertisement.  Nor have Plaintiffs alleged any specific facts that would

demonstrate a defect in the mortgage instruments or specific facts or law that would call into question any assignment of a mortgage in this action.  For these reasons, Plaintiffs cannot establish that Defendants were not entitled to foreclose.  Because all of Plaintiffs' claims are based on the same discredited legal argument, they are all properly dismissed with prejudice.

### III.   Plaintiffs' Fraud Claim Against Usset

Plaintiffs also assert a cause of action for fraud (Count Eleven) against Usset. Specifically, Plaintiffs allege that Usset "conducted false and fraudulent non-judicial foreclosures against Plaintiffs Kraus, Murphy, Schumann, and Theis" by preparing and executing assignments of mortgage without obtaining express approval from the of-record mortgagee and legal owner of the mortgage and without verifying that the mortgage assignee was the actual owner of Plaintiffs' debt and/or holder of Plaintiffs' Original Note.  (Compl. ¶¶ 116-17.)  Plaintiffs further allege that Usset made fraudulent representations that its clients were the owners of Plaintiffs' debts and/or were holders of Plaintiffs' notes, that the representations were made with the intent to induce reliance, and that Plaintiffs relied on the representations to their detriment.  (*Id*. ¶¶ 118-19.)

As discussed above, all of Plaintiffs' claims, including Plaintiffs' fraud claim against Usset, depend upon the discredited argument that only the holder of the promissory note may foreclose on a mortgage by advertisement.  As discussed above, this argument is without merit, and Plaintiffs have therefore failed to state a fraud claim against Usset.

Usset argues alternatively that Plaintiffs have failed to plead their fraud claim with sufficient particularity to satisfy Rule 9(b) of the Federal Rules of Civil Procedure.  The Court agrees.  Rule 9(b) requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).  The purpose of Rule 9(b) is to provide defendants with sufficient notice of the allegations so that they may be able to formulate a response.  *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 920 (8th Cir. 2001).  The circumstances constituting the fraud or mistake refers to the who, what, when, where, and how of the alleged fraud.  *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 549–50 (8th Cir. 1997).

Here, Plaintiffs have failed to allege their fraud claim with sufficient particularity.  In particular, the Complaint fails to sufficiently allege the who, what, when, where, and how of the alleged fraud.  For example, the Complaint fails to identify the specific Plaintiff to whom, or any details as to when, where, or how, any alleged misrepresentation was made.  Thus, this claim is also properly dismissed for failure to satisfy the requirements of Rule 9(b).

Because it is apparent to the Court that there is no legal or factual basis for any asserted claim against Defendants, the Court grants Defendants' motion to dismiss in its entirety.[3]

---

[3]     Plaintiffs also submit that they should be allowed to amend their Complaint to add Fannie Mae and Freddie Mac as parties because they claim an interest in

(Footnote Continued on Next Page)

8

## ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED** that:

1.        Defendants' Motion to Dismiss (Doc. No. [7]) is **GRANTED**.

2.        Plaintiffs' Complaint (Doc. No. [1]) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  May 4, 2012                      s/Donovan W. Frank
                                         DONOVAN W. FRANK
                                         United States District Judge

---

(Footnote Continued From Previous Page)

three of the relevant properties.  Plaintiffs also seek to amend their Complaint in light of the Eighth Circuit's decision in *Stein*, to clarify that their claims are not only based on the possession of the note and mortgage, but also on the actual chain of title to the property and transactions through which their notes and mortgages were sold.  Having reviewed Plaintiffs' proposed Amended Complaint, the Court concludes that Plaintiffs cannot allege a set of facts that would survive a motion to dismiss.  Accordingly, the Court denies Plaintiffs' request to amend and dismisses Plaintiffs' claims with prejudice.